**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHAN CORNEAL WARNSLEY,

    Petitioner,

v.

    Civil No: 06-CV-12904
    Honorable Patrick J. Duggan
    Magistrate Judge Steven D. Pepe

JAN E. TROMBLEY,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**
**AND DENYING A CERTIFICATE OF APPEALABILITY**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on July 15, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT

Petitioner, Jonathan Corneal Warnsley, was convicted in state court of felonious assault, Mich. Comp. Laws § 750.82; third-degree fleeing and eluding, *id.* § 257.602a(3); and possession of a firearm during the commission of a felony, *id.* § 750.227b. Petitioner was sentenced as a third habitual offender, *id.* § 769.11, to one to eight years imprisonment for the felonious assault conviction, one to ten years imprisonment for the fleeing and eluding conviction, and two years imprisonment for the felony firearm conviction. Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2254.

**I. Background**

Petitioner's convictions arise from a traffic stop wherein he fled the scene and shots were fired. Petitioner challenged his convictions in state court on grounds that there was insufficient evidence to support his convictions of felony firearm and felonious assault in violation of his right to due process of law. After exhausting avenues of post-conviction relief in state court,[1] Petitioner filed the present *pro se* petition for habeas corpus under 28 U.S.C. § 2254 raising the same insufficiency of the evidence claim. Respondent filed an answer asserting that habeas relief is not warranted. After filing his habeas petition, Petitioner completed his sentence and was discharged from the Michigan correctional system on October 3, 2008.[2] For the reasons stated below, the Court denies the petition.

## II. Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's habeas corpus review of state court decisions. Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

---

[1] *See People v. Warnsley,* No. 255082, 2005 WL 3179568, (Mich. Ct. App. Nov. 29, 2005) (denying Petitioner's appeal as of right); *People v. Warnsley,* 475 Mich. 868; 714 NW2d 305 (2006) (table) (denying Petitioner's application for leave to appeal to the Michigan Supreme Court).

[2] Petitioner's discharge from custody does not render his petition moot because continuing collateral consequences attach to wrongful criminal convictions. *See Gentry v. Deuth*, 456 F.3d 687, 693-95 (6th Cir. 2006).

>determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.*, 529 U.S. at 410, 120 S. Ct. at 1522 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law is objectively unreasonable." *Id.*, 529 U.S. at 409, 120 S. Ct. at 1521. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

**III. Insufficiency of the Evidence**

Petitioner asserts that there was insufficient evidence to sustain his convictions of felonious assault and felony firearm. "[T]he Due Process Clause protects the accused against

conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970). However, the critical inquiry on review of the sufficiency of the evidence is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S. Ct. 2781, 2788 (1979). As the Supreme Court explained:

> This inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.*, 443 U.S. at 318-19, 99 S. Ct. at 2789 (internal citation and footnotes omitted).

This "standard must be applied with explicit references to the substantive elements of the criminal offense as defined by state law." *Id.*, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16. "Normally, pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent." *Wolfe v. Bock*, 412 F. Supp. 2d 657, 681 (E.D. Mich. 2006). However, "[t]he habeas court does not substitute its own judgment for that of the finder of fact." *Alder v. Burt*, 240 F. Supp. 2d 651, 661-62 (E.D. Mich. 2003). Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence claims." *David v. Lavinge*, 190 F. Supp. 2d 974, 985 (E.D. Mich. 2002) (internal quotations omitted). In a federal habeas proceeding, the scope of review of

the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock*, 208 F.Supp.2d 780, 794 (E.D. Mich. 2002).

Petitioner challenges the sufficiency of the evidence to support his felonious assault and felony firearm convictions. Under Michigan law, felonious assault requires proof of "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable fear or apprehension of an immediate battery." *People v. Wardlaw*, 190 Mich. App. 318, 319, 475 N.W.2d 387, 387 (1991). Meanwhile, felony firearm requires proof "that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864, 869 (1999). In regard to Petitioner's claim, the Michigan Court of Appeals held:

> Sufficient evidence was presented to find defendant guilty beyond a reasonable doubt of both crimes. Police Officer Phillip Randazzo testified that he tried to pull defendant's car over, but defendant sped away. After discarding a firearm, defendant left the car and fled on foot. Officer Randazzo pursued defendant through a field roughly ten yards away from defendant. At one point, defendant fired two gunshots at him, and Officer Randazzo returned fire. During the event, Officer Randazzo was transmitting the events into dispatch as they unfolded, describing defendant, the pursuit, and the volley of gunfire. The tape from dispatch was entered into evidence. Officer Randazzo chased defendant into a house and then waited for more police to arrive. Police found defendant in the basement pretending to sleep but wearing the same dark jeans and sweatshirt he wore during the chase. Deferring to the trial court's superior position to judge witness credibility, and viewing the evidence in a light most favorable to the

5

>     prosecution, we conclude that defendant assaulted Officer
>     Randazzo with a dangerous weapon with the intent to hurt or
>     intimidate him and that defendant possessed a firearm during the
>     commission of a felony.

*People v. Warnsley,* No. 255082, 2005 WL 3179568, (Mich. Ct. App. Nov. 29, 2005). This Court agrees with the conclusion of the Michigan Court of Appeals.

Viewed in the light most favorable to the prosecution, Police Officer Phillip Randazzo's testimony that Petitioner fired a gun at him is sufficient to sustain Petitioner's convictions for felonious assault and felony firearm. (*See* Trial Transcript of March 18, 2004, at 14.) To the extent that Petitioner challenges the inferences that the factfinder drew from the testimony presented at trial and the weight to be accorded certain pieces of evidence, he is not entitled to relief. *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). "It is the province of the factfinder . . . to weigh the probative value of the evidence and resolve any conflicts in testimony." *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). As noted above, a habeas court must defer to the factfinder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Therefore, Petitioner's claim that his convictions were not supported by constitutionally sufficient evidence is without merit and habeas relief is not warranted.

**IV. Certificate of Appealabilty**

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at

the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[A] district judge who has just denied a habeas petition . . . . will have an intimate knowledge of both the record and the relevant law and could simply determine whether to issue the certificate of appealability when she denies the initial petition.")).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that there was sufficient evidence to support Petitioner's felonious assault and felony firearm convictions. Therefore, the Court denies a certificate of appealability.

Accordingly,

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of

habeas corpus is **DENIED**.

      **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT COURT

Copies To:
Jonathan Warnsely
#328826
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

Brad H. Beaver, Esq.